IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAYLON REDELL CANADA,<br><br>    Defendant. | No. 4:19-cr-00109-RGE-CFB-1<br><br>ORDER RE:<br>DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER |

Now before the Court is Defendant Raylon Redell Canada's appeal of Magistrate Judge Celeste F. Bremer's order to detain Canada pending trial. ECF No. 104. Canada did not appeal the original detention order, ECF No. 18. Canada now requests review of the magistrate judge's order denying his motion for release on conditions, ECF No. 90. The Government resists. ECF No. 109. For the reasons set forth below, the Court affirms the magistrate judge's order detaining Canada pending trial.

On June 3, 2019, the Government filed a criminal complaint charging Canada with conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Criminal Compl. 1, ECF No. 1.[1] Canada was arrested and soon thereafter appeared for a detention hearing before a magistrate judge. *See* Detention Hr'g Mins., ECF No. 13. The magistrate judge

---

[1] On June 20, 2019, a grand jury returned an indictment charging Canada with conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1), conspiring to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 2), distributing cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 3–10, 12, 14–15, 17, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59), distributing marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 19), possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 61), and possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 62). Redacted Indictment 1–31, ECF No. 23.

concluded detention was warranted because she determined "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Order Detention Pending Trial 2, ECF No. 18. Canada asked the magistrate judge to consider alternative placement pending trial, specifically release him to attend an in-patient substance abuse program. ECF No. 19. The Government resisted. ECF No. 35. Having "consider[ed] the nature of the offenses charged, and the weight of the evidence, the additional information about [Canada]'s substance abuse issues," the magistrate judge found the proposed release plan to an unlocked residential program facility did not, by clear and convincing evidence, reasonably assure the community's safety. ECF No. 90 at 2. Canada appeals. ECF No. 104. The Government resists. ECF No. 109.

Pursuant to 18 U.S.C. § 3145(c), a defendant may seek review in the district court of a magistrate judge's decision denying amendment of a detention order. The Court conducts a de novo review of the magistrate judge's order. *United States v. Maull*, 773 F.2d 1479, 1481–82 (8th Cir. 1985) (en banc). The Court makes the same inquiries as the magistrate judge regarding the defendant's risk of flight and danger to the community. *Id.* at 1482. The issue before the Court is whether placement at the Salvation Army Adult Rehabilitation Program adequately meets the standards to reasonably assure the safety of the community and Canada's appearance.

After de novo review of the entire record, **IT IS ORDERED** that Defendant Raylon Redell Canada's appeal of the magistrate judge's order to detain Canada pending trial, ECF No. 104, is **DENIED** for the reasons stated in the magistrate judge's original detention order, ECF No. 18, and order denying Canada's motion for release on conditions, ECF No. 90. The order detaining Canada pending trial is **AFFIRMED**.

IT IS SO ORDERED.

Dated this 29th day of July, 2019.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE